UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
**CLEVELAND WHITE,**

                         Plaintiff,          **CIVIL ACTION NO.:**
                                            **13-CIV-6884**

    -against-

**THE CITY OF NEW YORK,**
**THE NEW YORK CITY POLICE DEPARTMENT,**    **TRIAL BY JURY**
**P.O. GREGORY LARSEN,**    **DEMANDED**
**P.O. JOHN DOE's  (RANK UNKNOWN)**
**1 through 6, sued in their individual and official capacities,**

                        Defendants.
-------------------------------------------------------------X

**SUMMONS IN A CIVIL ACTION**

**TO THE ABOVE NAMED DEFENDANTS:**

THE NEW YORK CITY POLICE DEPARTMENT
One Police Plaza
Madison Street
New York, NY  10038

CITY OF NEW YORK
OFFICE OF THE COMPTROLLER
One Centre Street
Room 1200
New York, NY  10007-2341

CITY OF NEW YORK
LAW DEPARTMENT
100 Church Street
New York, NY  10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R.

Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

NORA CONSTANCE MARINO, ESQ.
LAW OFFICES OF NORA CONSTANCE MARINO
Attorney for Plaintiff
175 East Shore Road
Great Neck, New York 11023
(516) 829-8399

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**DATE: September 27, 2013**                    __S/_____

*Signature of Clerk of Deputy Clerk*

Dated:  Nassau, New York
            September 27, 2013

**LAW OFFICES OF NORA CONSTANCE MARINO**
Attorney for Plaintiff
175 East Shore Road
Great Neck, New York 11023
(516) 829-8399
By: __S/_____
**NORA CONSTANCE MARINO, ESQ. (NM9898)**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CLEVELAND WHITE,

                      **Plaintiff,**

    -against-

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT,
P.O. GREGORY LARSEN,
P.O. JOHN DOEs  (RANK UNKNOWN)
1 through 6, sued in their individual and official capacities,

                      **Defendants.**
-------------------------------------------------------------X

COMPLAINT IN A
CIVIL ACTION

CASE NO.: 13-CIV-6884

TRIAL BY JURY
DEMANDED

CLEVELAND WHITE, by his attorney, Nora Constance Marino, as and for a Complaint against Defendants THE CITY OF NEW YORK AND THE NEW YORK CITY POLICE DEPARTMENT, P.O. GREGORY LARSEN and JOHN DOES NOS. 1 through 6 (rank unknown), sued in their individual and official capacities, respectfully alleges as follows:

## INTRODUCTION

1. This is a civil rights action in which Plaintiff CLEVELAND WHITE seeks relief pursuant to 42 U.S.C. §§ 1983 and 1988 and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution against defendants for malicious prosecution, false arrest, false imprisonment, deprivation of liberty, physical abuse, abuse of process, excessive force, defamation of character, mental and psychological anguish, denial of medical treatment,  and punitive damages.  Plaintiff further seeks relief pursuant to Article I, §§ 5, 6, 8, 9, and 12 of the New York State Constitution; plaintiff further seeks relief sounding in negligence, negligent hiring, training, supervision, and retention; carelessness and recklessness.

3

2. Plaintiff seeks compensatory and punitive damages, a declaration that defendants violated his constitutional rights, an award of costs and attorneys fees, and such other and further relief as the Court deems equitable and just.

## JURISDICTION

3. This Court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331 and 28 U.S.C. § 1343 because this action presents a federal question and is brought to address the deprivation under color of state law of rights, privileges and immunities secured by the Constitution and laws of the United States.

4. Supplemental jurisdiction is asserted over state law claims pursuant to 28 U.S.C. § 1367.

5. Plaintiff's claim for declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

## VENUE

6. Venue is appropriate under 28 U.S.C. § 1391 (b) because all of the events giving rise to the claims asserted herein arose in the Southern District of New York and, upon information and belief, all defendants reside in this district.

## PARTIES

7. Plaintiff CLEVELAND WHITE was at all relevant time a resident of the County of Bronx, State of New York and the United States of America. He is currently residing at 2925 Matthews Avenue, Bronx New York 10467.

8. Defendant CITY OF NEW YORK was and is a governmental and/or municipal entity, duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant NEW YORK CITY POLICE DEPARTMENT was and is an agency of defendant CITY OF NEW YORK.

10. Defendants P.O. GREGORY LARSEN AND P.O. JOHN DOES 1 THROUGH 6, upon information and belief, are residents of the State of New York, and the United States of America.

11. At all relevant times, defendants P.O. Gregory Larsen & P.O. John Does Numbers 1 through 6 were employed by defendants CITY OF NEW YORK and/or NEW YORK CITY POLICE DEPARTMENT as police officers and/or higher ranking officials and were acting within the scope of their employment and under color of state law.

## FACTUAL ALLEGATIONS

12. The initial arrest incident in question took place on or about July 2, 2012, at approximately 2:31 p.m., at or near 2255 Morris Avenue, County of Bronx, State of New York.

13. On said date, plaintiff was lawfully on Morris Avenue, in the lobby of the premises known as 2255 Morris Avenue, County of Bronx, when he was approached by defendants, unreasonably and without justification.  There were two other individuals with the plaintiff at the time, one whom plaintiff knew, one whom plaintiff did not.  One of or more than one of the defendants requested identification from the plaintiff, who complied.  The parties then moved from inside the lobby to outside on the street.  One of or more than one of the defendants asked to search plaintiff's back-pack bag, and plaintiff agreed.  Plaintiff bag was searched and no

contraband was found. Regardless, one of the other defendants again searched plaintiff's bag a second time, and found no contraband. Subsequently, one of the other defendants again searched plaintiff's bag a third time, and found no contraband. Yet plaintiff was handcuffed, with excessive force used for same, and told he was being arrested, without further explanation. Plaintiff was then arrested and removed from the scene by the defendants, still unaware of the reasons for said arrest. Plaintiff later learned that he was arrested for possession of a controlled substance, specifically, some type of pills.

14. Upon information and belief, defendants illegally planted and placed the controlled substance into plaintiff's personal property in an attempt to falsify facts that were used against the plaintiff and resulted in plaintiff's false arrest, excessive force used against the plaintiff, malicious prosecution against the plaintiff, loss of plaintiff's personal freedom, false imprisonment of the plaintiff, harm to plaintiff's reputation, embarrassment and ridicule.

15. Upon information and belief, said illegal and unconstitutional conduct on behalf of the defendants was captured by video surveillance, and said surveillance was used, or is being used, or will be used, in an internal affairs investigation against said defendants.

16. As a result of defendants' unlawful actions, plaintiff has suffered serious personal injuries, damages, both physical and psychological, and constitutional violations as set forth below.

17. Plaintiff has duly and timely served Notices of Claim upon the City of New York within 90 days of the plaintiff's arrest and again 90 days after the charges against the plaintiff were dismissed (relating to the malicious prosecution claim); more than thirty days has elapsed;

and a hearing pursuant to General Municipal Law 50-h was held on June 18, 2013.  This action was commenced within one (1) year and ninety (90) days from the date the claim accrued.

## COUNT I

### 42 USC § 1983 CLAIM FOR DEPRIVATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS AND NY STATE CONSTITUTIONAL RIGHTS

18.     Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

19.     That on or about July 2, 2012, defendants P.O. Gregory Larson and P.O. John Does 1-6 (hereinafter collectively referred to as "the officers" or "defendant officers") were employees, agents and/or servants of the CITY OF NEW YORK and/or the NEW YORK CITY POLICE DEPARTMENT.

20.     Defendants used excessive force, handcuffed, deprived plaintiff of his liberty despite the fact that he had not committed a crime.

21.     Defendants arrested plaintiff with the express intent of preventing him from further expressing his First, Fourth, and Fourteenth Amendment rights under the United States Constitution and Article I, § 6, 8, 12 rights to free speech and liberty under the New York State Constitution and took him into custody against his will.

22.     That despite the fact that defendants knew that there was no probable cause to believe that plaintiff committed any crime, and despite the fact that one or more than one of the defendants intentionally, deceitfully, and maliciously planted a controlled substance onto plaintiff's property, one or more than one of the defendants authorized and approved the formal arrest of plaintiff for the following charges:  criminal possession of a controlled substance in the

third degree; criminal possession of a controlled substance in the fifth degree; and criminal possession of a controlled substance in the seventh degree.

23. That the defendant officers arrested and charged plaintiff with the aforementioned crimes despite the fact that they knew that the crimes were fabricated and that there was no probable cause or justification for such an arrest and/or charge.

24. That at all times, the officers acted within the scope of their employment of defendants CITY OF NEW YORK AND NEW YORK CITY POLICE DEPARTMENT and under the authority of color of state law as police officers.

## COUNT II

## DEPRIVATION OF LIBERTY

25. Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

26. Although the Defendants knew that arresting plaintiff when they had no right to do so, in violation of plaintiff's constitutional rights, the defendants processed the plaintiff, generating misleading and false accusatory instruments in order to lay charges against plaintiff, even though defendants knew or had reason to know that they were making an illegal arrest.

27. That as a result of the foregoing, plaintiff demands judgment against the defendants in the amount which exceeds the jurisdiction of all lower courts.

## COUNT III

## MUNICIPAL AND/OR GOVERNMENTAL LIABILITY

28. Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

29. That defendant CITY OF NEW YORK AND NEW YORK CITY POLICE

DEPARTMENT, its employees, agents and/or servants, failed to take any necessary steps to prevent this occurrence; failed to properly train its employees, agents and/or servants in arrest procedures; failed to control and supervise its employees, agents and/or servants; failed to prevent the aforesaid pain and suffering, defamation, incarceration, violation of constitutional rights, and permanent psychological injuries to the plaintiff; and were otherwise reckless, careless, and negligent.

30. That as a result of the above referenced negligence; plaintiff was caused to sustain damages and his constitutional rights were violated.

31. That as a result of the above, the plaintiff demands judgment against the defendants CITY OF NEW YORK AND THE NEW YORK CITY POLICE DEPARTMENT in the amount which exceeds the jurisdiction of all lower courts.

## COUNT IV
## EXCESSIVE FORCE

32. Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

33. Plaintiff did not resist the orders during the above described incident and did not take any actions necessitating the use of excessive physical force by defendants.

34. As a direct and proximate result of the unlawful excessive force used against plaintiff by defendants P.O. GREGORY LARSEN AND P.O. JOHN DOES 1 THROUGH 6, defendants deprived plaintiff of his Constitutional rights in violation of the Fourth, Eighth and Fourteenth Amendments of the Constitution and are liable to plaintiff pursuant to 42 U.S.C. § 1983.

35. Plaintiff did not move or attempt to use any force in response, did not resist the force being used upon him, nor did he have an opportunity to, as one or more than one of the officers used excessive force in effectuating an unauthorized arrest without probable cause or grounds therefore to believe that plaintiff committed a crime.

36. Defendant officers used excessive force against plaintiff with knowledge that plaintiff did not commit a crime and that the arrest and force used to effectuate the arrest was excessive, unnecessary and without cause or grounds therefore.

37. That as a result of the foregoing, plaintiff demands judgment against the defendants in the amount which exceeds the jurisdiction of all lower courts.

## COUNT V

## DEPRIVATION OF MEDICAL TREATMENT

38. Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

39. As a direct and proximate result of their deliberate indifference to plaintiffs' medical needs, defendants deprived plaintiff of his Constitutional rights in violation of the Fourteenth Amendment of the Constitution and are liable to plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT VI

## MALICIOUS PROSECUTION

40. Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

41. That on or about July 2, 2012, defendant officers were employees, agents and/or servants of THE CITY OF NEW YORK AND THE NEW YORK CITY POLICE DEPARTMENT.

42. That on or about July 2, 2012, one of or more than one of the defendant officers prepared formal accusatory instruments formally charging the plaintiff with the charges of criminal possession of a controlled substance in the third degree; criminal possession of a controlled substance in the fifth degree; and criminal possession of a controlled substance in the seventh degree, with the knowledge that these crimes were fabricated and that there was no probable cause or grounds to believe he committed these charges.

43. That one of or more than one of the defendant officers prepared and filed these charges against plaintiff with malice and the intent of depriving plaintiff of his liberty and right to not have his person seized knowing they had no cause or grounds to do so.

44. That one of or more than one of the defendant officers prepared and filed these charges against plaintiff with the intent to deprive plaintiff of his right to free speech with malice as they were aware that plaintiff had a constitutional right to speak to a police officer in the manner plaintiff did, but they wanted to punish him for doing so despite knowledge that they had no cause or grounds to do so.

45. Upon information and belief, the incident was recorded by surveillance video, and the defendant officers were investigated by the Office of Internal Affairs for their conduct with respect to plaintiff's arrest and subsequent prosecution.

46. That plaintiff was subsequently arraigned on said charges and forced to come back to Court several times.

47. That on or about February 20, 2013, the formal charges filed against plaintiff were dismissed.

48. That the related charges were filed with malice and knowledge that they were false, without cause or grounds therefore.

49.     That defendant CITY OF NEW YORK AND THE NEW YORK CITY POLICE DEPARTMENT, its employees, agents and/or servants, failed to take any necessary steps to prevent this occurrence; failed to properly train its employees, agents and/or servants in arrest procedures; failed to control and supervise its employees, agents and/or servants; failed to prevent the aforesaid pain and suffering, defamation, incarceration and permanent psychological injuries to the plaintiffs; and were otherwise reckless, careless and negligent.

50.     That as a result of the above referenced negligence, plaintiff was caused to sustain damages.

51.     That as a result of the above deliberate indifference on the part of the defendants, the plaintiff demands judgment against the defendant CITY OF NEW YORK AND THE NEW YORK CITY POLICE DEPARTMENT in the amount which exceeds the jurisdiction of all lower courts.

## COUNT VII

### ABUSE OF PROCESS

52.     Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

53.     Without plaintiff's consent, one of ore more than one of the defendant officers harmfully and offensively touched plaintiff by grabbing him, restraining him, handcuffing him, and unlawfully and unconstitutionally deprived the plaintiff of his liberty and freedom.

54.     The defendants abused their authority and abused their position; defendants abused and violated the public trust and in particular the trust of plaintiff. Defendants had no right under the laws of the land to arrest, harass, incarcerate, or prosecute the plaintiff, yet they chose to regardless. The defendant officers who did not harass, incarcerate, or prosecute the

Case 1:13-cv-06884-KPF   Document 1   Filed 09/27/13   Page 13 of 15

plaintiff, should there be any, are liable to plaintiff for their failure to protect and intervene, and a violation of their duty to intervene, safeguard, and protect the plaintiff.

55.     As a result of the aforementioned and described battery, the defendants are responsible and liable for abuse of process.

## COUNT VIII

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

56.     Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

57.     Defendants intentionally and deliberately inflicted emotional distress upon plaintiff by maliciously grabbing him, restraining him, handcuffing him, falsely arresting him, planting a controlled substance in plaintiff's property, and depriving the plaintiff of his liberty and freedom, and in abusing plaintiff.

## COUNT IX

### NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

58.     Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

59.     Defendants CITY OF NEW YORK AND THE NEW YORK CITY POLICE DEPARTMENT negligently hired, trained, supervised, and retained defendants P.O. GREGORY LARSEN AND P.O. JOHN DOES 1 THROUGH 6; defendants CITY OF NEW YORK AND THE NEW YORK CITY POLICE DEPARTMENT were careless and reckless in the hiring, training, supervision, overseeing, and retention of defendants P.O. GREGORY LARSEN AND P.O. JOHN DOES 1 though 6.

13

60. As a result of this negligent hiring, training, supervision, overseeing, and retention, plaintiff has suffered and continues to suffer damages, constitutional violations, as well as other damages.

## COUNT X

## NEGLIGENCE

61. Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

62. That on or after July 2, 2012, the aforesaid defendants, without cause or provocation, carelessly, negligently, and recklessly arrested the plaintiff despite knowing that the charges were false, without grounds, and without cause.

63. The defendant officers negligently falsified documents in order to effectuate an arrest and in order to be able to hold plaintiff in custody unconstitutionally and against his will and falsified further accusatory instruments with knowledge that the charges were without cause or grounds therefore.

64. That as a result of the foregoing, plaintiff demands judgment against the defendants in the amount which exceeds the jurisdiction of all lower courts.

## COUNT XI

## PUNITIVE DAMAGES

65. Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

66. The acts, conduct and behavior of the defendants warrant punitive damages.

67. That as a result of the foregoing, plaintiff demands judgment against the defendants in the amount which exceeds the jurisdiction of all lower courts.

## COUNT XII

### ATTORNEYS' FEES

68. Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

69. By reason of the foregoing acts and/or omissions of defendants in violation of the Fourth, Eight and Fourteenth Amendments of the U.S. Constitution, plaintiff has been forced to bring this lawsuit pursuant to 42 U.S.C. § 1983.

70. Pursuant to 42 U.S.C. § 1988, plaintiff is entitled to reasonable attorneys' fees as part of the costs.

### JURY DEMAND

71. Plaintiff demands a trial by jury in this action.

**WHEREFORE,** plaintiff demands judgment awarding him relief in an amount greater than the jurisdiction of all lower courts, for Counts I through XI, and attorneys' fees in an amount to be awarded by the Court regarding Count XII.

Dated: Nassau County, New York
September 27, 2013

Law Offices of Nora Constance Marino

BY: S/
Nora Constance Marino, Esq. (NM9898)
Attorney for Plaintiff
175 East Shore Road
Great Neck, New York 11023
(516) 829-8399